## NATIONAL LIFE & ACCIDENT INSUR-ANCE COMPANY, Appellant, v. Mrs. Ida MUCKLEROY, Appellee.

### No. 2041.

Court of Civil Appeals of Texas. Beaumont.

Nov. 7, 1930.

A. T. Russell, of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellee.

O'QUINN, J.

Appellee sued appellant to recover upon a certain life insurance policy in the sum of $2,000. The policy was issued to B. B. Muckleroy, husband of appellee, on November 20, 1924, and named appellee as beneficiary. The premium to be paid for said policy was payable in semi-annual installments of $19.96 each, payable on November 20 and May 20 of each year. The insured died on September 17, 1929. Due notice of his death was given, and demand made for payment of the policy. Appellant prayed for judgment for the amount of the policy, the 12 per cent. statutory penalty, for refusal to pay, and a reasonable attorney's fee, alleged to be $750.

Appellant answered by general demurrer, general denial, and specially that the policy had lapsed and was not in force at the time of the insured's death.

As indicated by its answer, appellant refused payment on the ground that the policy had lapsed. The contest was whether the premium due May 20, 1929, had been paid.

The case was tried to a jury. When the evidence was concluded, appellant moved for an instructed verdict, which was denied. The case was then submitted to the jury upon the following special issues:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the premium due May 20, 1929, upon the policy of insurance in question was paid?" To which the jury answers "Yes."

"Special Issue No. 2. In the event you have answered the foregoing special issue 'yes,' and in that event only, you will answer the following: What do you find from a preponderance of the evidence is a reasonable attorney's fee for the attorneys representing the plaintiff in this suit?" To which the jury answered $650.00."

Upon the jury's answers, judgment was rendered for appellee for the amount of the policy, $2,000, the statutory penalty, $240, and attorneys fees, $650.

Motion for a new trial was overruled, and the case is before us on appeal.

Appellant's brief contains five propositions for the reversal of the judgment, but they all point to the same reason for reversal; that is, that the policy was not in effect at the time of the death of the insured because the overwhelming weight of the testimony, it contends, showed that the premium due May 20, 1929, had not been paid, and therefore the policy had lapsed. In its brief, appellant presents its statement, argument, and authorities under the first proposition only.

This identical question was submitted to the jury, and they found the premium had been paid. We do not think it would serve any useful purpose to set out the testimony found in the record supporting this finding, but will say that we think the finding has sufficient support in the evidence to sustain it. The assignment is therefore overruled.

There is no complaint that the attorney's fee allowed is excessive.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.